BREVOORT (HILLIARD v.). See Case No. 6,505.

---

## Case No. 1,848.

### BREWER v. CALDWELL et al.

[13 Blatchf. 361.][1]

Circuit Court, S. D. New York. May 27, 1876.

EVIDENCE—TESTIMONY IN OTHER SUIT—ADMISSIBILITY.

B. brought a suit in equity in this court against C. and others, and in it took the deposition of one I., as a witness. B. then discontinued the suit, and afterwards brought another suit in equity against the same defendants, in this court, for the same cause of action. No proofs were taken in it by either party, and, after it had been set down for hearing, by the consent of both parties, the defendants applied for an order to permit them to read, as testimony, the deposition of I., so taken in the former suit. It was not shown that I. was dead, or that there was anything to prevent his being examined in the usual way: Held, that the application must be refused.

[Cited in The John H. Starin, Case No. 7,-351.]

[In equity. Bill by Henry O. Brewer against Samuel B. Caldwell and others. Defendants' motion to permit the reading of a deposition denied.]

Aaron P. Whitehead, for plaintiff.
William D. Shipman, for defendants.

JOHNSON, Circuit Judge. The plaintiff had another suit for the same cause of action for which the present suit is brought, and against the same defendants, in which the defendants examined as a witness one Ingersoll. The former suit was discontinued by the plaintiff, and soon after the present suit was commenced. The time to take proofs expired on the first Monday of April, 1875, and no proofs were taken by either party. After the cause was noticed and had been set down for hearing, by consent of both sides, at the February equity term, this motion for an order to permit the defendants to read the deposition of Ingersoll upon the hearing was made. The witness appears to be living, and nothing appears which prevented his being examined in the usual way. The claim to read his deposition taken in the former cause is made upon the idea that there is some peculiar rule of law which permits secondary evidence of this sort to be used in equity proceedings. In several of the cases commonly referred to as sustaining this view, the discussion has been as to the circumstances which would warrant the use of the depositions as secondary evidence, assuming that the case was such as made proper secondary evidence admissible. Thus, in Backhouse v. Middleton, 1 Cas. Ch. 173, there was a motion for leave to use depositions taken in a suit which had been dismissed, and some distinctions upon that subject were stated and discussed by the court; but, as a basis for it all, it appeared that the witness was dead. So, also, in City of London v. Perkins, 3 Brown, Parl. Cas. (Tomlin's Ed.) 602, which is cited in 1 Daniell, Ch. Pr. 870, as authority for the position that it need not appear that the witnesses were dead, it nevertheless did distinctly appear that all of them were dead; and the reversal in the house of lords seems to have proceeded upon the ground that the court of exchequer had disregarded the substantial proof on that point. The subject was discussed in Blagrave v. Blagrave, 1 De Gex & S. 252, and the leading authori-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

ties were referred to—Nevil v. Johnson, 2 Vern. 447; Byrne v. Frere, 2 Molloy, 157; and Barstow v. Palmes, Prec. Ch. 233. In the examination of these cases, in Taylor on Evidence (volume 1, § 439), it appears, (and so the fact is shown to be, on reference to the cases,) that, in Byrne v. Frere, the witnesses were almost certainly dead, and that, in Nevil v. Johnson, and Barstow v. Palmes, there is nothing to show that they were alive. Both in the work cited, and in Gres. Eq. Ev. 184 to 187, the whole question is treated as part of the law of secondary evidence, and as stating the rule when some legal reason exists to excuse the not examining the witness personally; and this view is confirmed by the decision in Carrington v. Cornock, 2 Sim. 567. Such an anomaly in the law of evidence as the substitution of a deposition in a former suit, for the examination of the witness in the pending suit, as primary evidence, ought not to be maintained, unless the course of the authorities has firmly established it. When there are cause and cross-cause, the two suits being substantially one, such a practice seems unobjectionable. But, where a suit is ended by voluntary dismissal, there seems no reason for the practice. I find no trace of its existence in the courts of the United States; and, in this district, I am unable to ascertain that any such order as is moved for has ever been made. There are two cases, one in Kentucky and one in New Hampshire, in which the practice appears to have been followed. Brooks v. Cannon, 2 A. K. Marsh. 525; Leviston v. French, 45 N. H. 21. In the first case, the court says that the deposition which had been excluded ought to have been received, as coming emphatically within the rule of chancery practice, which allows depositions in one cause to be read in another, between the same parties; but, nevertheless, the judgment was affirmed. In the other, the court, on the authority of Nevil v. Johnson, above mentioned, referring to Daniell's Chancery Practice, Chitty's Equity Digest, and Greenleaf's Evidence, affirms it to be within the discretionary power of the court to permit a deposition to be read, and allows it in the particular case. Even taking that view of the law, I should think it indiscreet to order the deposition in this case to be read at the hearing. The cross-examination shows that a further examination of the witness was expected to take place at Mobile. But this did not take place, the bill having been dismissed after a question of jurisdiction depending upon citizenship had been raised. As the plaintiff felt constrained to dismiss his bill, it would have been idle to go on with an examination at Mobile, unless he was bound in that cause to consider what might be his needs in respect to the witness in any future cause for the same matter, and between the same parties; and, in this cause, he had no occasion to consider what further examination might be advisa-

ble, because, until after the proofs were closed, he had no notice, or reason to suppose, that the defendants desired to use the evidence in question. I think, therefore, that the defendants' motion should be denied.